In the Matter of the Application of JOHN R. CREWS, as Chairman of the Republican County Committee, Kings County, Petitioner, for an Order of Mandamus against S. HOWARD COHEN and Others, as Commissioners of Elections, Constituting the Board of Elections of the City of New York and Another, Respondents.

Supreme Court, Kings County, October 11, 1937.

*Lewis, Marks & Kanter* [*Lloyd B. Kanter* of counsel], for the petitioner.

*Paul Windels, Corporation Counsel* [*Robert H. Schaffer* of counsel], and *John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* of counsel], for the members of the board of elections.

*Harold L. Turk,* for the respondent, Janover.

KADIEN, J. The petitioner seeks a peremptory mandamus order directing that the board of elections of the city of New York rescind and annul their appointment of one Samuel Janover as a director of the count on behalf of the Kings county Republican party, for the proportional representation ballots for councilman, and that the respondents make such appointment from lists submitted by the chairman of the Republican county committee of Kings county. On September 13, 1937, the petitioner, in his representative capacity, submitted the name of one Charles Pokorny, Esq., for the position involved. The board of elections, ignoring the proposed name submitted by the petitioner, selected Mr. Janover by a vote of three to one. The vote disclosed that Mr. Janover received two votes from the Democratic members of the board and one vote from a Republican member. The other Republican member cast an opposing vote.

The important question presented is whether the board of elections was required to appoint the director of the count from names submitted by the chairman of the party county committee, or whether it might make its own selection. The answer to this query depends upon whether or not the director of the count is to be classified as an employee of the board of elections or as an election officer. Employees of the board of elections are appointed at the pleasure of the board. (Election Law, § 36.) On the other hand, election officers are appointed in accordance with sections 40 to 45, inclusive, of the Election Law.

Chapter 43 of the New York City Charter (adopted Nov. 3, 1936) provides for the election of members of the council. Councilmen are elected from each borough in proportion to the number of votes cast therein. Upon the close of the polls, the inspectors of election, who are election officers as provided in the Election Law, tally all votes, with the exception of those cast for councilman. These ballots are

required to be forwarded to a central counting place within the borough, where they will be tallied by a board of directors of the count. The board of elections shall appoint for each borough a board of two competent persons, one from each of the two major political parties, to act as directors of the count for such borough. (N. Y. City Charter, § 1006, subd. a.) Since this latter section is silent as to the method of designating the directors of the count, the Election Law must control. Subdivision b of section 1002 of the said charter provides that the provisions of the Election Law " shall govern except in the method of counting the votes for councilmen and except as provision is otherwise made herein." Accordingly, the provisions of sections 40 to 45 of the Election Law are applicable to the designation and appointment of directors of the count. Section 41 of the Election Law provides for the appointment of inspectors of election, who are designated by the county chairmen of the two major parties. The board of elections then appoints from the lists submitted to it by the respective county chairmen, four inspectors of election, two from each major party. The duties of the directors of the count are identical with those of the inspectors of election in all respects, except that the inspectors of election tally the vote for all officers within the election district, at the polls, while the directors of the count tally the vote of the councilmen for the entire borough at the central counting place. Since the duties of the director of the count consist of recording, counting and tallying the vote for each councilman, the position comes directly within the purview of section 6 of article 2 of the Constitution of the State of New York, which provides: " All laws creating, regulating or affecting boards of officers charged with the duty of registering voters, or of distributing ballots at the polls to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes. All such boards and officers shall be appointed or elected in such manner, and upon the nomination of such representatives of said parties respectively, as the Legislature may direct. Existing laws on this subject shall continue until the Legislature shall otherwise provide. This section shall not apply to town meetings, or to village elections."

There is no reasonable basis for a distinction in the method of choosing inspectors of election and directors of the count. Directors of the count are election officers. Their appointment must, therefore, be made from lists submitted by the respective chairmen of the county committees of the two political parties casting the

highest and next highest vote at the general election next preceding their terms of service.

The procedure of the board of elections in permitting all of its members to vote for Mr. Janover was also irregular and in violation of section 43 of the Election Law. Under this section, only the Republican members of the board have a voice in selecting Republican directors of the count. That section provides as follows: " In the city of New York the members of the board charged with the duty of appointing election officers, who represent the same political party, shall have the exclusive right and be charged with the exclusive duty of selecting from the list submitted, or, in lieu of such list, the members of such party who are to be appointed as election officers."

A question is being raised by the respondents as to the sufficiency of the form through the medium of which Mr. Pokorny's name was submitted to the board of elections. The law does not specify any particular form of submission. The intent is that recommendations be received from the county chairman. In my opinion, there has been literal compliance with the sections regulating the procedure.

Motion granted. Settle order on notice.